UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:18-CV-053-TBR

COUNTRY MUTUAL INSURANCE COMPANY,                        PLAINTIFF

v.

DECKER, *et al.*,                                                                                         DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court on a Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), [R. 21], by the United States Department of Health and Human Services for Medicare and Medicaid Services ("CMS"). Responses were filed by Defendants Carl Heisner, Larry Trovillion, and Mary Trovillion, [R. 26]; Plaintiff Country Mutual Insurance Company ("Country Mutual"), [R. 36]; and Defendant Viola Heisner, [R. 37]. This matter is now ripe for adjudication. For the reasons stated herein, CMS's Motion to Dismiss, [R. 21], is **GRANTED**.

**BACKGROUND**

The factual allegations as set out in the Amended Interpleader Complaint, [R. 1-1], and taken as true are as follows.[1] On or about August 13, 2016, a motor vehicle accident occurred involving vehicles driven by Viola Heisner and Edward Decker, [R. 1-1 at 3 (Amended Interpleader Complaint). There were three passengers riding in the car with Viola Heisner: Carl Heisner, Larry Trovillion, and Mary Trovillion. [*Id*. at 4.]

---

[1] *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) ("All factual allegations in the complaint must be presumed to be true, and reasonable inferences must be made in favor of the non-moving party.").

1

On or around February 19, 2018, Country Mutual brought an action for interpleader against Edward Decker, Viola Heisner, Carl Heisner, Larry Trovillion, Mary Trovillion, and CMS in McCracken Circuit Court. [R. 1-1 at 3-7.] On April 6, 2018, CMS removed the action to this Court pursuant to 28 U.S.C. §§ 1441, 1442. [R. 1 (Notice of Removal).] On May 8, 2018, CMS filed the Motion to Dismiss that is currently before the Court. [R. 21 (CMS Motion to Dismiss).]

**STANDARD**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a party may assert by motion the defense of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Because the parties here do not request that the Court make any factual determinations in ruling on the motion to dismiss, but rather dispute only the sufficiency of Country Mutual's complaint, the Court "will treat this as a 'facial' 12(b)(1) motion." *Id.* "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Bauer v. RBX Indus. Inc.*, 368 F.3d 569 (6th Cir. 2004).

A defendant may also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

2

To that end, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In order to survive a motion to dismiss under Rule 12(b)(6), a party must "plead enough 'factual matter' to raise a 'plausible' inference of wrongdoing." *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). However, "[a] motion under Fed. R. Civ. P. 12(b)(1) questioning subject matter jurisdiction must be considered before other challenges since the court must find jurisdiction before determining the validity of a claim." *Gould, Inc. v. Pechiney Ugine Kuhlmann*, 853 F.2d 445, 450 (6th Cir. 1988) (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

## DISCUSSION

CMS moves the Court to dismiss it from the current action on two grounds. First, CMS argues that Country Mutual has not alleged that CMS waived its sovereign immunity. [R. 21 at 6.] Second, CMS asserts that no party to this action has exhausted its administrative remedies pursuant to 42 U.S.C. § 405(g). The Court will address each argument in turn. [*Id*. at 7.]

**A. Sovereign Immunity**

CMS asserts that Country Mutual's claims against it should be dismissed due to Country Mutual's failure to demonstrate a waiver of sovereign immunity. [*Id*. at 6.] There were three responses to CMS's Motion to Dismiss. First, Defendants Carl Heisner, Larry Trovillion, and Mary Trovillion respond that they asserted no claims against CMS and, therefore, have no objection to the dismissal of claims against CMS. [R. 26 at 1 (Heisner and Trovillion Response).] However, the defendants object to the dismissal or remand of the remaining claims to state court prior to Pekin Insurance answering Larry Trovillion and Mary Trovillion's Third Party Complaints, [R. 43, 44]. [R. 26 at 1.] Second, in Defendant Country Mutual's Response, Country

3

Mutual requested the Court enter an order granting it leave to deposit funds or, alternatively, decree in an order granting CMS's Motion to Dismiss that "Country Mutual has no ongoing obligation to CMS once it deposits its policy proceeds in this matter." [R. 36 at 2.] Lastly, Defendant Viola Heisner responded that she has no objection to CMS's Motion to Dismiss. [R. 37 at 1.] The Court agrees with CMS, finding that Country Mutual failed to demonstrate a waiver of sovereign immunity.

"'The United States, as sovereign, is immune from suit save as it consents to be sued . . ..' This principle extends to agencies of the United States as well, which are immune absent a showing of a waiver of sovereign immunity." *Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993) (internal citations omitted). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." *Lane v. Pena,* 518 U.S. 187, 192 (1996) (internal citations omitted). Furthermore, "waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* Here, Country Mutual failed to allege that the Secretary of CMS waived sovereign immunity. [*See generally* R. 1-1.] Thus, CMS's Motion to Dismiss, as it relies on Country Mutual's failure to demonstrate a waiver of sovereign immunity, is GRANTED. *See Black v. Doe*, No. 11-25-DLB-JGW, 2011 WL 1642540, at *3 (E.D. Ky. May 2, 2011) (holding that defendant Medicare should be dismissed from the lawsuit when plaintiff failed to allege that the Secretary waived sovereign immunity); *Madden v. Wagers*, No. 08-318-GFVT, 2009 WL 10676841, at *3 (E.D. Ky. Jan. 12, 2009) (same); *Truett v. Bowman*, 288 F. Supp. 2d 909, 911 (W.D. Tenn. 2003) (granting the Secretary's motion to dismiss due to defendants' failure to demonstrate sovereign immunity was waived).

    B.   Exhaustion of Remedies

CMS also argues that the Court has no jurisdiction over this claim due to the fact that this claim has not been reviewed by the Secretary as required by 42 U.S.C. § 405(g). [R. 21 at 7.] None of the other parties address this issue in their responses. The Court agrees with CMS.

As referenced in Country Mutual's Complaint, [R. 1-1 at 5], and described in CMS's Motion to Dismiss, [R. 21 at 7], Medicare may make a payment with respect to an item or service if the primary plan has not made a prompt payment, *See* 42 U.S.C. § 1395y(b)(2)(B)(i). An administrative process governing reimbursement obligations for such a payment is provided therein, as well as in 42 U.S.C. § 1395ff. *See* 42 U.S.C. § 1395ff; *Portman v. Goodson*, No. 3:10-CV-313-S, 2011 WL 773427, at *1 (W.D. Ky. Feb. 28, 2011) (explaining Medicare conditional payments). Specifically, an individual may not bring a civil action regarding this payment until the Secretary makes a final determination. *See* 42 U.S.C. § 1395ff(b)(1)(A); 42 U.S.C. § 405(g); *see also Alcorn v. Pepples*, No. 3:10-CV-000284, 2011 WL 773418, at *1 (W.D. Ky. Feb. 28, 2011) ("Federal courts may not exercise jurisdiction over claims arising under the Medicare Act except under the circumstances set forth in the Act itself. 42 U.S.C. § 405(h). Pursuant to 42 U.S.C. § 405(g), an individual may bring a civil claim in federal court after the Secretary has made a final decision following a hearing."). "Thus, the Medicare Act 'demands the 'channeling' of virtually all legal attacks through the agency, . . . assur[ing] the agency greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts . . ..'" *Alcorn*, No. 3:10-CV-000284, 2011 WL 773418, at *1 (quoting *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)).

Here, Country Mutual does not allege that it ever presented this claim to the Secretary, nor do any of the other parties. Therefore, this Court does not have jurisdiction over the matter until the parties exhaust the administrative remedies available under the Medicare Act. *See*

*Portman*, No. 3:10-CV-313-S, 2011 WL 773427, at *2 (holding that "judicial review is only available after exhaustion of the administrative process set forth in § 1395ff"); *Alcorn*, No. 3:10-CV-000284, 2011 WL 773418, at *2 (same). CMS's Motion to Dismiss as it relies on the other parties' failure to exhaust administrative remedies is GRANTED.

As CMS's arguments in its Motion to Dismiss aim mainly toward a lack of subject matter jurisdiction pursuant to Rule 12(b)(1), and the Court has granted this motion, the Court does not find it necessary to address any implicated arguments pursuant to Rule 12(b)(6).

### C. Remand to McCracken Circuit Court

CMS removed this action to federal court pursuant to 28 U.S.C. §§ 1441(c), 1442(a)(1). [R. 1 at 3.] Now that CMS has been dismissed, there is no longer a federal defendant or a claim under a federal statute to provide subject matter jurisdiction. Thus, the Court has no basis of jurisdiction over the remaining claims or defendants. As Country Mutual's choice of forum was state court, and there have been no significant proceedings in federal court, the Court declines to retain jurisdiction over the remaining parties and REMANDS the matter to the McCracken Circuit Court. *See Black*, No. 11-25-DLB-JGW, 2011 WL 1642540, at *3 (remanding to state court upon dismissing federal party from case); *Madden*, No. CV 08-318-GFVT, 2009 WL 10676841, at *3 (same); *Truett*, 288 F. Supp. 2d at 912 (same).

### CONCLUSION

For the foregoing reasons, CMS's Motion to Dismiss pursuant to Rule 12(b)(1), [R. 21], is **GRANTED**, and this action is **REMANDED IN ITS ENTIRETY** to McCracken Circuit Court from which it was removed. The Court will enter a separate Order and Judgment consistent with this Memorandum Opinion.